IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

DIETRICK LEWIS JOHNSON, SR.#19831078 §
    *Plaintiff* §
     §
VS. §    CIVIL ACTION NO. 4:17cv309
     §
RAFAEL DE LA GARZA, II, §
DE LA GARZA LAW FIRM, P.C. §
    *Defendant* §

## **ORDER OF DISMISSAL**

This case was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that Plaintiff's case should be dismissed with prejudice. Plaintiff filed objections. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. After conducting a *de novo* review of the objections raised by Plaintiff to the Report, the Court concludes they are without merit.

Plaintiff's overriding objection concerns the Magistrate Judge's conclusion that, because Plaintiff's lawsuit is against his attorney, the Court does not have subject-matter jurisdiction to hear the case. The Magistrate Judge noted in the Report that claims against defense attorneys are not cognizable in a Section 1983 lawsuit because defense attorneys are not state actors, and thus, are generally not subject to suit under Section 1983. *Mudine v. Johnson*, 244 F.3d 134 (2000) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983").

Plaintiff attempts to show that, contrary to the Magistrate Judge's determination, the Court has jurisdiction, and cites to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1334. However, *Bivins* concerns whether damages may be brought against federal agents acting unlawfully as they carry out duties of the United States. *Id*. *Bivins* does not apply to Plaintiff's case as his attorney is not a federal agent. Plaintiff also cites to 28 U.S.C. § 1334, but this statute does not apply to Plaintiff's case either as it concerns bankruptcy cases and proceedings.

Further, Plaintiff claims that Defendant should be considered a state actor because he conspired with state actors. While it is well established that private attorneys, even court-appointed attorneys, are not official state actors, private attorneys who have conspired with state officials may be held liable under Section 1983. *See Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 679 (5th Cir. 1988). Plaintiff cites to *West v. Atkins*, 487 U.S. 42 (1988), in which a doctor, who was under contract with the state to provide medical services to inmates at a state prison hospital, was deemed to be a state actor because the doctor was acting on behalf of the state. *West* is not applicable to Plaintiff's case as Defendant was acting on behalf of Plaintiff as his defense attorney – not on behalf of the state. Plaintiff also cites to *United States v. Price*, 383 U.S. 787 (1966), in which certain defendants, who were not defense attorneys for the defendant, were deemed to be state actors based on their wilful participation in joint actions with official state actors. However, the Court finds no factual basis in Plaintiff's filings to support a conspiracy between Defendant and state officials. Plaintiff fails to show how his defense attorney was acting jointly with state actors in such a manner that would deem Defendant a state actor.

In addition to Plaintiff's erroneous belief that the Court has jurisdiction to hear this Section 1983 case against his defense attorney, Plaintiff asserts it is the Defendant's obligation, rather than the Court's, to make the determination regarding jurisdiction. Plaintiff is mistaken. The Federal Rules of Civil Procedure explicitly state, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *See also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Dismissals for lack of subject matter jurisdiction may be ordered *sua sponte*. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). Plaintiff also complains that Defendant was not served pursuant to Rule 4 of the Federal Rules of Civil Procedure. The intent of the rules for serving process is to give sufficient notice to defendants of any actions filed against them. *See* 4 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1062 (4th ed. 2013). However, because the Court lacks subject-matter jurisdiction, and accordingly, should dismiss the case, the issuance of a summons is not required.

Plaintiff additionally contends that, in recommending dismissal based on a lack of subject-matter jurisdiction, the Magistrate Judge "has become an advocate for the Defendant." He complains the Magistrate Judge engages in "discriminatory systematic . . . patterns of unethical policies." Section 144 of 28 U.S.C. provides:

> Whenever a party to any proceeding in a district court makes and files a *timely* and *sufficient* affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

It is well established that mere disagreements as to rulings made are almost always insufficient to show bias or prejudice. *See Liteky v. United States*, 114 S. Ct. 1147, 1157 (1994), *citing United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). Affidavits based on mere conclusions, opinions,

or rumors rather than personal knowledge are legally insufficient to show bias. *Henderson v. Dep't Pub. Safety and Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990). The Court notes that Plaintiff fails to submit an affidavit in support of his argument of bias. Additionally, Plaintiff fails to provide sufficient information in his objections that would lead a reasonable person to conclude that the Magistrate Judge is biased against Plaintiff.

Plaintiff also complains that the Magistrate Judge recommended the case be dismissed as untimely. Plaintiff is mistaken, as the Report simply notes in a footnote that Plaintiff's claims are "arguably" time-barred. The clear basis for the Magistrate Judge's recommendation for dismissal is the Court's lack of subject-matter jurisdiction.

Finally, Plaintiff asks that his $400.00 filing fee be returned to cure "the pollution" of the case. Once a complaint is filed, the filing fee is due and payable, regardless of the outcome of the case. Plaintiff cites to no authority that would allow the Court to return the filing fee. It is accordingly

**ORDERED** that the complaint is **DISMISSED** with prejudice. All motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 29th day of December, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

4